# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0185V

|  |  |
|---|---|
| TERESA PATTERSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: November 27, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Emily Beth Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

On January 7, 2021, Teresa Patterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her receipt of a Prevnar 13 vaccination on June 26, 2019, caused her to develop a right shoulder injury related to vaccine administration ("SIRVA") and polyarthralgia. Petition at 1-2, 13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 25, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On November 27, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $73,000.00, for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $73,000.00 (for pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| _____ | ) | |
| TERESA PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 21-185V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## PROFFER ON AWARD OF COMPENSATION

On July 25, 2023, respondent filed a Vaccine Rule 4(c) report concluding that petitioner

suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986,

as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine

administration ("SIRVA"), as defined in the Vaccine Injury Table. *See* ECF No. 47.  On that

same day, the Chief Special Master issued a Ruling on Entitlement regarding petitioner's

SIRVA.[1]  ECF No. 48.

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a lump sum of **$73,000.00** for pain and suffering.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1] Petitioner also alleged a polyarthralgia injury.  Pet. at 1.  Respondent recommended
compensation only for SIRVA, and the Court's ruling on entitlement is specific to SIRVA.  ECF
Nos. 47-48.  Accordingly, respondent's proffer is limited to compensation for SIRVA.

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: [2] a lump sum payment of $73,000.00 in the form of a check payable to petitioner.

### III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Teresa Patterson:              **$73,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

_s/ Jamica M. Littles_
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4014
Fax: (202) 616-4310
Date:  November 27, 2023              Email: jamica.m.littles@usdoj.gov

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.